JOHN S. SHEAHAN

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 21, 1907—Rehearing denied April 4, 1907.*

MUNICIPAL CORPORATIONS—*when approval of claim by corporation counsel does not toll Statute of Limitations.* Approval, by the corporation counsel, of a claim presented by the superintendent of special assessments for administering oaths in connection with special assessment cases does not toll the running of the Statute of Limitations in favor of the city, where, from all the provisions of the municipal code, it is apparent the commissioner of public works, and not the corporation counsel, was the officer authorized to approve such claim.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding.

PECK, MILLER & STARR, and CLARENCE N. GOODWIN, for appellant.

WILLIAM D. BARGE, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant was superintendent of special assessments in the department of public works in the city of Chicago from April, 1891, to the spring of 1895. During that period he was also a notary public. As such notary public, during his term of office he administered oaths to commissioners and to other persons to affidavits required in special assessment proceedings. For such oaths as were administered during office hours he claims to have made no charge against the city of Chicago. Section 1662 of the code of the city of Chicago established the office hours for the officers of said city

at from nine o'clock in the forenoon to four o'clock in the afternoon. Appellant claims that before the hour of nine o'clock in the morning and after the hour of four o'clock in the afternoon, in connection with special assessment proceedings, he, as notary public, administered oaths as follows:

6730 affidavits of commissioners for oaths of office, at 25c. .$1682.50
6224 affidavits of commissioners for oaths of mailing notice, at 25c ......... ................... ............... 1556.00
6224 affidavits of employees for oaths of posting notices, at 25c ....... ................ ................... ....... 1556.00
$4794.50

This suit was brought to recover said sum of money.

The bill of particulars filed by plaintiff shows the first item is charged under date of November 16, 1891, and the last one March 2, 1895. Suit was begun March 21, 1900, and the declaration consisted of four of the common counts, namely: (1) For labor and services; (2) for work done and material furnished; (3) for balance due upon account stated; and (4) for money had and received. To this declaration appellee pleaded the general issue and the five year statute of limitations. To the latter plea appellant replied that the causes of action mentioned in the declaration did accrue within five years next before the commencement of the suit. A jury was waived and a trial had before the court by consent. The court found the issues for appellee and rendered judgment against appellant for costs. From that judgment appellant prosecuted an appeal to the Appellate Court, where the judgment of the circuit court was affirmed, and appellant prosecutes a further appeal to this court.

Appellant's counsel have filed a very able brief and argument, in which the right of appellant to recover for the services rendered, and the law upon which the right is claimed to be based, are very exhaustively treated. But we are of opinion that even if appellant was entitled to charge and collect from appellee for the services rendered, the Statute of Limitations is a complete bar to his right of action. Under

date of March 26, 1895, appellant presented to John Mayo
Palmer, corporation counsel of appellee, a statement of his
account for services rendered, and the same was endorsed
"approved" and signed by said corporation counsel. It is
claimed by appellant this took the case out of the operation
of the Statute of Limitations and thereafter appellee was
liable on an account stated. It does not appear the claim
was ever presented for payment or approval to any other
person or official of any other department of the city gov-
ernment than the corporation counsel. Whether this act
had the effect contended for depends upon whether the cor-
poration counsel had authority to bind the city in that regard.

Appellant relies for such authority in the corporation
counsel upon certain sections of the municipal code. Sec-
tion 652, which establishes the department of law as one of
the departments of government of appellee, provides that it
shall embrace a corporation counsel, city attorney, prosecut-
ing attorney, and such assistants and clerks as the city coun-
cil may by ordinance establish. Section 653 creates the
office of corporation counsel, provides that he shall be the
head of the law department and fixes his term of office. Sec-
tion 657 makes it the duty of the corporation counsel, with
the assistance of the city attorney and prosecuting attorney,
to conduct all law business of the city. Section 609 gives
the superintendent of special assessments "special charge of
all proceedings connected with the making of special assess-
ments, subject to the direction of the corporation counsel."

Appellant's contention is, that the corporation counsel, as
chief law officer of the city, was charged with the superin-
tendence of all its law business; that the taking and filing
of the affidavits by appellant were essential to the prosecu-
tion of special assessment proceedings, and that the corpora-
tion counsel was clothed with authority to bind the city to
pay appellant for his services.

Other sections of said municipal code were introduced in
evidence by appellee. Section 551 establishes the depart-

ment of public works, and provides that it shall embrace the commissioner of public works, a secretary to said commissioner, the city engineer, superintendent of special assessments, and such other assistants and employees as the city council may by ordinance provide. Section 552 creates the office of commissioner of public works, gives him the control and management of all things pertaining to said department, and, with the consent of the mayor, the right to appoint and remove all subordinate officers of his department. Section 557 gives the commissioner of public works charge of all public improvements in said city and of all special assessments. Section 559 gives the commissioner of public works authority to control and direct all expenditures made by said department, and makes it his duty to sign and draw requisitions upon the comptroller for all bills and accounts which in his judgment are correct. Section 561 provides that all money payable by the city for work done or supplies furnished, by contract or otherwise, under the department of public works, shall be paid by the comptroller upon the requisition of the commissioner of public works. Section 566 provides that no contract shall be made for any work or supplies relating to matters within the cognizance of the department of public works unless authorized by the city council, except where the work or supplies are necessary and the cost thereof shall not exceed in any one case $500. In such case the commissioner of public works may cause the same to be done or furnished under the supervision of the appropriate officer of the department. But no such expenditure shall be made without the written order of the commissioner of public works.

These are not all the provisions relating to the department of public works, but are, we think, the most material portions necessary to a determination of the question involved.

It seems clear to us from these provisions of the municipal code that appellant, in performing the work for which he seeks to recover in this suit, was not acting under or sub-

ject to the authority of the corporation counsel or of the law department. While it was necessary that oaths should be administered to the commissioners appointed by the county court in special assessment proceedings, and to employees serving notices in such proceedings, the municipal code appears to have committed that duty to the department of public works and not to the department of law, to which was committed the "conduct of all the law business of the city." Appellant testified that during all his term as superintendent of special assessments, petitions for special assessments were prepared under his charge and signed by the corporation counsel. There is no evidence that in administering oaths to commissioners and others appellant was acting at the suggestion or under the direction of the law department. On the contrary, the evidence shows that in administering oaths he was doing that which came within the jurisdiction of the department of public works to have performed.

We are not to be understood as saying that if the law department procured oaths to be administered of the character appellant seeks to recover for, by a notary public having no connection with that duty, appellee would not be liable for the fees for administering such oaths. But where, as in this case, the work was done or procured to be done by the department of public works, to which department this duty was specially committed by the municipal code, the corporation counsel would have no authority to direct payment for such services, and his approval, therefore, of appellant's claim was ineffective to take it out of the Statute of Limitations.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*